**E-FILED**
Thursday, 01 September, 2016  10:48:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| James E. Bauman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-1330 |
| | ) | |
| J. Kaiser, Inc., Central Illinois Truss, Inc., | ) | |
| and Jerry J. Kaiser, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, James E. Bauman, for his Complaint against Defendants, J. Kaiser, Inc., Central

Illinois Truss, Inc. and Jerry J. Kaiser, for violating federal and state law requiring payment of

wages and overtime over the last three years, states:

### Parties

1.      James E. Bauman ("Bauman") is a citizen of the State of Illinois who resides in

Tazewell County.

2.      J. Kaiser, Inc. ("JKI") is a corporation incorporated under the laws of the State of

Illinois, having its principal place of business in the County of Tazewell.

3.      Central Illinois Truss, Inc. ("CIT") is a corporation incorporated under the laws of

the State of Illinois, having its principal place of business in the County of Tazewell.

4.      Jerry J. Kaiser ("Kaiser") is a citizen of the State of Illinois who resides in

Tazewell County.

### Jurisdiction and Venue

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28

U.S.C. §§ 1331 (as to Count I) and 1367 (as to Count II).

6.      Venue is proper in the Peoria Division of the Central District of Illinois pursuant to 28 U.S.C. § 1391(b)(1) and (2) because one or more Defendants reside in Tazewell County, Illinois and because the acts and omissions which are the factual basis for this Complaint occurred in Tazewell County, Illinois.

**Count I**
**Fair Labor Standards Act ("FLSA")**

7.      Bauman was employed by JKI in July 2010, and his employment continues to this date. In that employment, Bauman performs construction services, including carpentry, concrete work, tile work and electrical work at a wage of $25.00 per hour.

8.      JKI is a general contractor and a property management firm which engages in the construction and leasing of commercial, multi-family residential, and industrial buildings.

9.      CIT manufactures roof and floor trusses for use in construction.

10.      JKI and CIT hold themselves out as related entities and have common ownership and management.

11.      Kaiser, on information and belief, is an owner, officer, director or managing agent of both JKI and CIT.

12.      In addition to working on JKI projects, Bauman performs work at CIT, both to produce products utilized by JKI and to produce products utilized by others.

13.      During the last three years, Kaiser has acted in the interest of JKI and CIT in relation to Bauman and Bauman's employment, including the intentional failure to pay overtime to Bauman for hours worked in excess of 40 in a week.

14.      JKI and CIT constitute an enterprise (the "Enterprise") under 29 U.S.C. § 203(s)(1), having revenues in excess of $500,000.00 per year and employees handling or working on goods that have been moved in or produced for commerce.

15.     The Enterprise and Kaiser are employers of Bauman, as provided in 29 U.S.C. §203, and are jointly and severally liable for the failure to pay Bauman overtime as required by the FLSA.

16.     On information and belief, materials that Bauman handles and works on for the Enterprise have been moved in commerce, in the sense of moving across state lines, prior to their incorporation into construction projects or the production of the goods worked on by Bauman during his employment by the Enterprise.

17.     From the inception of Bauman's employment, the Enterprise, as directed by Kaiser, operated its business under a policy of not paying Bauman an overtime rate of one and one-half times his regular wage of $25.00 per hour for hours worked in excess of 40 per week in violation of the FLSA, 29 U.S.C. § 207.

18.     The Enterprise, as directed by Kaiser, knowingly and willfully refused to pay time and one-half to Bauman for overtime hours stating that it could not afford to do so given the amount of his regular wage, despite the fact that at certain times it has paid certain other employees of the Enterprise time and one-half their regular wage for their overtime hours.

19.     The Enterprise, as directed by Kaiser, has never paid Bauman overtime when required by the FLSA.  Instead, the Enterprise has maintained a program of so-called saved hours under which hours worked by Bauman in excess of 40 in a week are not paid at the time of Bauman's regular pay day for that week.  Instead, such hours are "saved" to be allocated to Bauman at such future times when Bauman would not have worked 40 hours in a week.  In that event, the Enterprise, as directed by Kaiser, would allocate as many of the previously saved overtime hours to Bauman as needed so that he would have 40 hours in the week and then pay for those saved hours at Bauman's regular wage of $25.00 per hour.

20.     From the start of his employment in July 2010 through April 2016, there have been one or more weeks in each month of Bauman's employment in which he worked in excess of 40 hours but was not paid overtime by the Enterprise, as required by the FLSA.

21.     As a result of the foregoing, the Enterprise, as directed by Kaiser, failed to pay Bauman at all for 566 overtime hours in the last three years, and also paid Bauman for 395.25 overtime hours characterized as saved time at his straight time rate, instead of time and one-half.

22.     In addition to the foregoing, between April 25, 2016 and July 1, 2016, Bauman worked 40 hours for which the Enterprise failed to pay him at all.

## Count II
## Illinois Minimum Wage Law

23.     Bauman incorporates by reference the allegations of paragraphs 1 through 22 above.

24.     The Enterprise and Kaiser were Bauman's employer pursuant to Section 3(c) of the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

25.     The failure of the Enterprise, as directed Kaiser, to pay Bauman as aforesaid violates 820 ILCS 105/4 and 105/4a.

## Relief Sought

Bauman requests the following relief:

A.     A judgment declaring that Defendants have willfully, intentionally, and wrongfully violated their federal and state statutory obligations and deprived Bauman of his rights under state and federal law.

B.     Award Bauman monetary damages in the form of compensation, overtime compensation, and liquidated damages, plus interest if and as provided by law.

C.     An award of reasonable attorney's fees, costs, and expenses to be paid by Defendants.

D.      Such other relief as may be just and proper in the circumstances.


                                        James E. Bauman, Plaintiff


                                By:        /s/ William R. Kohlhase
                                        William R. Kohlhase – IL Bar No. 1500589
                                        Miller, Hall & Triggs, LLC
                                        416 Main Street, Suite 1125
                                        Peoria, Illinois 61602
                                        Telephone:  (309) 671-9600
                                        Facsimile:   (309) 671-9616
                                        Email:  william.kohlhase@mhtlaw.com


William R. Kohlhase – IL Bar No. 1500589 (Lead Counsel)
Miller, Hall & Triggs, LLC
416 Main Street, Suite 1125
Peoria, Illinois 61602
Telephone:  (309) 671-9600
Facsimile:   (309) 671-9616
Email:  william.kohlhase@mhtlaw.com