## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between James E. Bauman ("Plaintiff") and Jerry J. Kaiser, individually and as agent for J. Kaiser, Inc. and Central Illinois Truss, Inc. (collectively "Defendant") (Plaintiff and Defendant collectively referred to herein as the "Parties"). This Agreement shall become effective upon the Court for the Central District of Illinois, Peoria Division entering an Order granting approval of this Agreement. If the Court for the Central District of Illinois, Peoria Division does not enter an order granting approval of this Agreement, this Agreement is null and void.

## RECITALS

1.      Plaintiff filed a complaint against Defendant in the Central District of Illinois, Peoria Division, Case Number 16-cv-1330. The Complaint alleges that Defendant failed to pay Plaintiff overtime in violation of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq* ("IMWL") (the "Lawsuit").

2.      The Parties desire to settle all issues and disputes that are, or could have been, asserted in the above-described case, as well as any and all other claims, and actual or potential disputes, which the Parties have against one another whether currently known or unknown, except Plaintiff's pending Workers' Compensation claim.

3.      This Agreement is a compromise and settlement of disputed claims and shall not be alleged or construed as an admission of liability by any of the Parties.

## AGREEMENT

Taking into account the above Recitals, the Parties agree as follows:

1.      **SETTLEMENT AMOUNT.**      Defendant shall pay $44,318.25 to resolve Plaintiff's claims in this action (the "Gross Settlement Amount"). The Gross Settlement Amount shall be allocated as follows: $8918.25 will be allocated as attorneys' fees, $400.00 as reimbursement of litigation costs and expenses, $17,500.00 to Plaintiff for back pay, and $17,500.00 to Plaintiff for liquidated damages.

2.      **TIMING OF PAYMENT BY DEFENDANT.** Within seven (7) business days of this Agreement becoming effective, Defendant shall provide to Plaintiff's Counsel the settlement checks for Plaintiff's attorneys' fees and costs and Plaintiff's settlement award.

3.      **TAXATION OF PLAINTIFF'S SETTLEMENT AMOUNT.** Defendant will issue three total settlement checks. The checks will be as follows:

-      First Check: Gross wages of $17,500.00 made payable to Plaintiff. This check will be subject to regular withholdings and will be reportable as wages for tax purposes. Plaintiff will receive a W-2 for this check.

1


Initials    Initials

- <u>Second</u> <u>Check</u>: Liquidated damages of $17,500.00 made payable to Plaintiff without any withholding. Plaintiff will receive an IRS form 1099 for this check.
- <u>Third</u> <u>Check</u>: Attorney's fees and costs of $9,318.25 made payable to Miller, Hall & Triggs, LLC. Plaintiff's counsel will receive an IRS form 1099 for this check.

The Parties agree that they are individually obligated to obtain his/its own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration obtained pursuant to this Agreement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any money received under this Agreement without any contribution whatsoever from any of the Parties or Plaintiff's Counsel. Nothing in this Agreement shall be construed as Defendant's or Plaintiff's Counsel providing advice regarding the reporting or payment of taxes or the tax consequences of Plaintiff's participation in this Agreement.

4.     **RELEASED CLAIMS.**  The Parties mutually release one another from any and all claims, demands, obligations, actions causes of action, rights, damages, costs, loss of services, expenses and compensation of any nature whatsoever, whether based on common law, tort, contract, the Constitutions of the United States of America and the State of Illinois, or any statute, rule, ordinance, or administrative regulation, whether federal, state, or local in origin, or any other theory of recovery, whether or not the Parties now know of said claims, demands, obligations, actions causes of action, rights, damages, costs, loss of services, expenses or compensation of any other nature whatsoever, except Plaintiff's pending Workers' Compensation claim. This release includes, but is not limited to, any claims relating to overtime compensation, minimum wages, liquidated damages, penalties, interest, and attorneys' fees and costs under the FLSA and IMWL arising from Plaintiff's employment with Defendant.  This release and waiver includes any and all claims arising or which may have arisen at any time up to the date of the signing of this Agreement, except Plaintiff's pending Workers' Compensation claim. Upon final approval of the settlement, Plaintiff will have his claims dismissed with prejudice.

5.     **NO ADMISSION OF LIABILITY.**  Nothing contained in this Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, wrongdoing, or other unlawful behavior on the part of Defendant.  Defendant denies any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Lawsuit.

6.     **REASONABLE COMPROMISE OF BONA FIDE DISPUTE.**  The Parties agree that the terms of this Agreement represent a reasonable compromise of disputed issues, arising from a bona fide dispute over FLSA and IMWL coverage and the merits of Plaintiff's claims and alleged damages and agree to represent the same to the Court. The Parties further agree that the settlement is a fair, reasonable, and adequate resolution of Plaintiff's claims.

2



Initials        Initials

7.  **PARTIES' AUTHORITY.** The signatories hereto represent that they are fully authorized to enter into this agreement and bind the respective parties to its terms and conditions subject to the provisions stated above.

8.  **MUTUAL FULL COOPERATION.** Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other in good faith and to take all actions reasonably necessary to implement the terms of this Agreement.

9.  **BANKRUPTCY.** Plaintiff represents that he is not a party to a pending personal bankruptcy, and that he is legally able and entitled to receive the money being paid to him pursuant to Section 1.

10. **PAYMENT OF ALL MONEY OWED AND RECEIPT OF BENEFITS DUE.** Plaintiff acknowledges that upon Court approval of this settlement and receipt of funds described in Section 1 of this Agreement, he will have received all pay owed to him and all benefits due to him by Defendant under this Agreement.

11. **CONSTRUCTION.** The Parties agree that the terms and conditions of this Agreement are the result of lengthy and intensive arm's-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Agreement. The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

12. **CAPTIONS AND INTERPRETATIONS.** Section titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

13. **MODIFICATION.** This Agreement may not be changed, altered, or modified, except in writing signed by the Parties or their counsel and approved by the Court.

14. **INTEGRATION CLAUSE.** This Agreement contains the entire agreement between the Parties relating to the settlement of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Agreement.

15. **BINDING ON ASSIGNS.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, and any and all other agents thereof.

16. **COUNTERPARTS & SIGNATURES.** This Agreement may be executed in counterparts, each counterpart shall be deemed an original, and, when taken together with other



Initials    Initials

signed counterparts, shall constitute one Final Settlement Agreement. This Agreement may be executed by facsimile signatures, PDF, or email, which shall be deemed originals.

17.     **APPLICABLE LAW.**  This Agreement shall be governed by and construed in accordance with federal law and the law of the State of Illinois, to the extent federal law does not apply.

By signing this Agreement, the Parties agree to be bound by the foregoing terms of the Agreement, subject to Court approval.

_____    1/31/17    _____    2-14-17
James E. Bauman                Date        Jerry J. Kaiser, individually and as    Date
                                           agent for J. Kaiser, Inc. and
                                           Central Illinois Truss, Inc.

4

Initials    Initials